<u>**AFFIDAVIT IN SUPPORT OF**</u>
<u>**A CRIMINAL COMPLAINT**</u>

I, Edmilany L. Rubio, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being duly sworn, depose and state as follows:

## <u>INTRODUCTION AND AGENT BACKGROUND</u>

1. I am a Special Agent with Homeland Security Investigations (HSI), San Juan, Puerto Rico, and have been employed since May 2024. I am currently assigned to the Homeland Security Task Force (HSTF) in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as Director of Investigation and Complaints Division with the Puerto Rico Office of Inspector General.

2. Your affiant as a Special Agent, has the responsibilities of conduct investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1), importation of controlled substances (Title 21, United States Code, Section 952(a), smuggling of goods into the United States (Title 18, United States Code, Section 545), immigration-related matters (Title 8, United States Code) and other related offenses.

3. Your affiant as a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement

experience investigation as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

4. This affidavit is intended to show merely that there is sufficient probable cause, justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. I am thoroughly familiar with the information contained in this Affidavit, either through personal involvement or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained and reviewed information, which they in turn have reported to me. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

5. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Mervin DE LA PAZ-DE LEON for 8 U.S.C. § 1326 (a) *Reentry of removed alien.* I have set forth only the facts that I believe are necessary to establish probable cause to support this criminal complaint.

### Facts In Support of Probable Cause For Criminal Complaint

6. On or about December 17, 2025, at approximately 10:30 hours, personnel from Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI)

encountered Mervin DE LA PAZ-DE LEON at the Trailer Bridge Terminal in the Port of San Juan, Puerto Rico. DE LA PAZ-DE LEON is a citizen of the Dominican Republic and was found on board the tugboat vessel Signet Thunder/ San Juan- JAX Bridge barge as a stowaway attempting to enter the United States.

7. During the inspection conducted by personnel of HSI, United States Coast Guard (USCG) and U.S. Customs and Border Protection (CBP) Officers, DE LA PAZ-DE LEON was encountered with other two (2) individuals from Dominican Republic in the cargo area of a truck being transported aboard the San Juan-JAX Bridge.

8. Since DE LA PAZ-DE LEON didn't have any evidence of legal stay in the United States, DE LA PAZ-DE LEON was referred to the Luis Muñoz Marin Airport at CBP for further inspection.

9. DE LA PAZ-DE LEON admitted to HSI agents that he and three (3) additional individuals entered the tugboat by a yawl (yola) at sea near the Dominican Republic, with the intention to illegally enter to the United States on or about December 16, 2025.

10. During the inspection the investigation revealed the following:

    a. A fingerprint examination showed DE LA PAZ-DE LEON had been previously removed having encountered within the United States on September 8, 2025, and having been issued a Final Order of Deportation by an Immigration Judge on March 15, 2021.

    b. Following that removal order, on September 8, 2025, De LA PAZ-DE LEON was physically removed to the Dominican Republic from the Luis Muñoz Marin Airport, on board a Jet Blue flight B6 637 (SJU > SDQ).

11. After being administratively processed for being unlawfully present in the United States,

HSI agents interviewed DE LA PAZ-DE LEON.

12. Based on the above investigation, DE LA PAZ-DE LEON was advised of his Miranda rights in his native language (Spanish), which he decided to waive and signed.

    a.   DE LA PAZ-DE LEON stated the following:

- He is from the Dominican Republic.

- He was previously deported to the Dominican Republic after voluntarily turning himself in at the San Juan airport.

- He was working in the Dominican Republic but due to economic issues, decided to attempt to return to Puerto Rico.

- He paid for a maritime venture with the intention of returning to Puerto Rico.

- He and three (3) other individuals boarded a yawl ("yola") in the Dominican Republic and reached the tugboat at sea when it was near the Dominican Republic.

- One (1) of the individuals jumped into the sea once the vessel arrived in Puerto Rico and before agents boarded to conduct an inspection.

- He traveled without any electronic devices or a cellphone.

- He did not know the other individuals; he only saw them when they boarded the yawl to reach the barge vessel.

13. The investigation reveals that DE LA PAZ-DE LEON had been advised to obtain permission from the Attorney General prior to his re-embarkation at a place outside the United States or his application for admission at all prior removal proceedings.

14. However, the investigation revealed that as of December 17, 2025, when DE LA PAZ-DE

LEON was found in the United States, he had not obtained express consent from the Attorney General of the United States or the Secretary of Homeland Security, as the successor, to reenter the United States following his prior removal orders. Additionally, no application requesting such consent was found on file for DE LA PAZ-DE LEON at the Office of Citizenship and Immigration Services.

15. The investigation also revealed that DE LA PAZ-DE LEON is a citizen and national of the Dominican Republic who was previously removed from the United States under reinstatement of deportation order procedures. Furthermore, DE LA PAZ-DE LEON is an illegal alien found in the United States with no authorization or legal status to be present in the country.

16. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that Mervin DE LA PAZ-DE LEON violated 8 USC 1326 (a) - Reentry of removed aliens.

I declare that the foregoing is true and correct to the best of my knowledge.

_____
Edmilany L. Rubio
Special Agent
Homeland Security Investigations

Subscribed and sworn before me pursuant to FRCP 4.1 at __ 10:21am by telephone, this 19th day of December 19 , 2025, at San Juan, Puerto Rico.

_____
Hon. Mariana Bauzá Almonte
United States Magistrate Judge
District of Puerto Rico